IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

AVERY SINGLETON,

                Plaintiff,

v.

DR. LEO NARODISTKY, and
DR. SANDHU,

                Defendants.

Case No. 17-cv-01176-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Plaintiff Avery Singleton commenced this action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights arising from deliberate indifference of his serious dental needs. (*See* Docs. 9, 57).

    On December 3, 2019, the Court issued an order directing the parties to file a Notice Regarding Magistrate Judge Jurisdiction form indicating consent to proceed before a magistrate judge or an affirmative declination to consent. (Doc. 89). Singleton failed to return the form within the allotted time, and so, the Court issued another order on January 10, 2020, advising Singleton that the deadline for filing the form had passed, but granting him an additional seven days to consent or decline to consent to magistrate judge jurisdiction. Singleton was warned that failure to return the form would result in possible sanctions. (Doc. 92). Singleton, again, did not file the form with the Court.

    On January 28, 2020, the Court issued another order directing Singleton to show cause why sanctions should not be imposed on him for failure to file the form as required

under Administrative Order 257. (Doc. 93). Singleton did not return the form or respond to the Court's directive to explain why sanctions should not be imposed.

Furthermore, on November 18, 2019, Defendants Dr. Narodistky and Dr. Sandhu filed a motion for summary judgment, and Singleton did not file a response or request additional time to respond. (Doc. 86). In fact, the Court has not heard from Singleton in over nine months. (*See* Doc. 83, filed by Singleton on August 20, 2019). Singleton has continually ignored the Court's directives and has failed to actively prosecute his claims. *See* FED. R. CIV. P. 41(b). The Court will not allow this matter to linger indefinitely.

For these reasons, this action is **DISMISSED without prejudice**, based on Singleton's failure to comply with the Court's orders to file a Notice and Consent form and for failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

Singleton is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Singleton wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* FED. R. APP. P.

24(a)(1)(C). Moreover, if the appeal is found to be nonmeritorious, Singleton may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

All pending motions are **DENIED** as moot, and the Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: June 8, 2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**